# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Maria Remedios Garcia Alvarez, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| v. ) | |
| ) | |
| Tienda y Carniceria La Unica, Inc. ) | |
| ) | |
| Defendant, ) | |
| ) | |

## COMPLAINT

Plaintiff Maria Remedios Garcia Alvarez files this Complaint against Tienda y Carniceria La Unica, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, litigation expenses, and attorneys' fees. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. Tienda y Carniceria La Unica, Inc. ("La Unica") is a corporation with its principal place of business at 4234 Jonesboro Road, Forrest Park, Georgia 30297 in this judicial district and division.

3. At all times throughout the relevant period, La Unica operated and transacted business during the relevant period as the Tienda y Carniceria La Unica

Meat and Fish Market, bakery and restaurant located at 4234 Jonesboro Road, Forest Park, Georgia 30297.

4. La Unica's registered agent is William N. Garcia, 3515 Zip Industrial Boulevard SE, Hapeville, Georgia 30354.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue properly lies in the Northern District of Georgia pursuant to 28 U.S.C. § 1391. La Unica transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

**FACTS**

7. The relevant period for damages is three years prior to the filing of this Compliant, January 9, 2014 through January 9, 2017.

8. During the relevant period, Plaintiff was an "employee" of La Unica and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

9. During the relevant period, La Unica was the "employer" of the Plaintiff.

10. During the relevant period, La Unica was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. At all times throughout the relevant period, La Unica had multiple employees, including the Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

12. At all times throughout the relevant period, La Unica was an enterprise with annual gross volume of sales made or business done of not less than $500,000.

13. At all times throughout the relevant period, La Unica operated the Tienda y Carniceria La Unica Meat and Fish Market, bakery and restaurant.

14. During the relevant period, La Unica employed Plaintiff as a kitchen helper.

15. La Unica employed Plaintiff for approximately a five-month period, from approximately February 2016 until July 2016.

16. During the relevant period, Plaintiff was a non-exempt, hourly employee for La Unica.

17. Plaintiff was paid a regular hourly rate of pay and worked in excess of forty hours per work week.

18. Defendant La Unica, by use of an electronic clock-in system, maintained records of those hours that Plaintiff worked at Tienda y Carniceria La Unica Meat and Fish Market, bakery and restaurant.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS - MINIMUM WAGE

19. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

20. During the relevant period, La Unica had a uniform policy and practice of willfully refusing to pay Plaintiff the applicable minimum wage for all hours worked.

21. La Unica's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

22. Due to La Unica's FLSA minimum wage violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, and costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

23. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

24. During the relevant period, La Unica had a uniform policy and practice of willfully refusing to pay Plaintiff overtime compensation for all hours worked in excess of forty hours per workweek.

25. La Unica refused to pay Plaintiff at a rate that was at least one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

26. La Unica's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

27. Due to La Unica's FLSA overtime violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, and costs and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against La Unica:

A. An award of compensation for unpaid overtime wages to Plaintiff;

B. An award of liquidated damages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

This 9th day of January, 2017.

        **HALL & LAMPROS, LLP**

        /s/ *Gordon Van Remmen*
        Christopher B. Hall
        Ga Bar No. 318380
        Gordon Van Remmen
        Ga Bar No. 215512
        HALL & LAMPROS, LLP
        1230 Peachtree St. N.E.
        Suite 950
        Atlanta, GA 30309
        (404) 876-8100 telephone
        (404) 876-3477 facsimile
        chall@hallandlampros.com
        gordon@hallandlampros.com

        ATTORNEYS FOR THE
        PLAINTIFF

Plaintiff's counsel certifies that this complaint is in 14 point Times New Roman font.